Parker, J.
This is a writ de homine replegiando brought originally in the Court of Common Pleas, was tried before the late chief justice of this Court on a plea of non cepit, and now comes before us on a motion by the plaintiff for a new trial, on an objec tian to the opinion of the judge in refusing certain evidence which was offered by the plaintiff in support of his action. The evidence in substance was, that the plaintiff was imprisoned by sentence of a justice of the peace, under the provisions of the statute respecting apprentices, upon the complaint of the defendant, who claimed the plaintiff as his apprentice. The plaintiff also offered to prove that he was not legally an apprentice * within the [ *218 ] statute. Upon this evidence it was contended, for the plaintiff, that the defendant was liable to this process, and that it ought to have been considered by the jury.
If it should appear that this action was not well brought, and that, if the verdict had been for the plaintiff, no judgment could have been rendered upon it, it is not material to examine the opinion of the judge which is objected to; because a new trial, if granted, could be of no benefit to the plaintiff.
The statute of the commonwealth establishing the right to, and the form of, this writ, directs that, where a person is held without order of law, he shall have a writ returnable to the Court of Common Pleas in the form there prescribed ; but where he stands committed by lawful authority for any crime not capital, another form of the writ is prescribed, and it is to be made returnable to this Court. In this case, the plaintiff was imprisoned in the common jail by lawful authority from a magistrate. If the plaintiff had a right, then, to either of the writs prescribed by the statute, it must have been the latter one, returnable to this Court. The statute concerning apprentices had given cognizance of this complaint to a justice of the peace. If he made an indiscreet or illegal use of his authority, there might have been a remedy for the injured party; but acting, as he did, under the authority vested in him by the statute, he had lawful authority to make the sentence, and of course the Court of Common Pleas had no jurisdiction ; the appellate jurisdiction of this Court fails of consequence ; and therefore, as no benefit could be derived from a new trial to the party moving it, without considering whether the evidence proposed was proper or not, I am of opinion that the appeal ought to be dismissed.
Sewall, J.
On the question immediately before the Court, 1 incline to the opinion that the evidence offered to prove the issue was improperly rejected. Courts of limited jurisdiction must substantiate every fact necessary to give them jurisdiction. If, therefore, the defendant was able to prove that lie was not the plaintiff’s *202 apprentice, the justice had no cognizance of the complaint, and the commitment was unauthorized, (a) On the ground taken by my brother Parker, that the defendant was committed [*214] *by lawful authority from a magistrate having prima facie jurisdiction of the cause, I am satisfied that the writ, being made returnable to the Court of Common Pleas, was brought before an incompetent tribunal, and must therefore be dismissed.

Jackson

moved that the defendant might have his costs, to which he conceived him entitled under the statute of October 30, 1784, which enacts “ that the party prevailing shall be entitled to his legal costs against the other.” This can only be opposed on the ground that there have never been any parties regularly before the Court; or, in other words, that the Court have no jurisdiction of the cause.
There has been no plea in abatement; it therefore cannot appear that the Court has no jurisdiction unless it appears on the face of *203 the writ itself. There was a plea in chief, on which * evidence has been offered, which evidence now comes [ *215 ] before the Court by a bill of exceptions. But the Court cannot look into that evidence to ascertain whether they have jurisdiction ; for this latter question is, in its nature, anterior to the offering of any evidence whatever ; and the only ground on which the action can be dismissed is, that the Court have no authority to receive or examine the evidence. The Court are presumed not yet to know what evidence the plaintiff means to produce, and are to consider the subject as upon a motion before trial, when the whole question would be, whether the plaintiff shall be permitted to produce any evidence at all in support of the action ; whether the Court can judicially hear the cause and inquire into the facts; or whether, on the other hand, the record itself (that is, the writ and plea) shows that they have no power to do this — no jurisdiction of the cause.
*202 Sedgwick, J.
As this case strikes my mind, it lies within very narrow limits. In certain cases, cognizance of this action is given to the Court of Common Pleas. But where any person stands committed by lawful authority for any crime not capital, except in certain cases specified in the statute, not material to the decision of the question before us, this Court is to have original jurisdiction. The question is, Was the plaintiff so committed? It appears from his own showing that he offered to prove, on the trial, that he was committed by the sentence of a justice of the peace for deserting his master’s service. The law certainly considers this as a crime, by inflicting the punishment of imprisonment on the person convicted of it. If he was so committed, and the justice had cognizance of the matter, whether he exercised his jurisdiction in a lawful or an unlawful manner, the statute prescribes a writ returnable to this Court. This writ being not so made, the appeal must be dismissed.

Appeal dismissed.

As soon as the Court had thus pronounced their opinion, Jackson suggested a wish to be heard on a motion for costs for the defendant, and prayed that the judgment might not be immediately entered, by which he would be precluded. The Court assented ; and, at another day,
*203 We admit that, if it appears conclusively to the Court, on inspection of the writ, that they could not, in any event, upon any evidence that could have' been produced, have jurisdiction of the action, they ought to dismiss it, (without any plea or appearance on the part of the defendant,) on the motion of any amicus curia. And in such case, it is true they cannot award costs.
But in this case we contend that the Court had jurisdiction of the cause, and the only question is, whether the evidence will support the action. To decide this point, let us suppose that the writ was noxv first read to„ the Court, that there had been no plea, and of course no evidence produced ; and that, under these circumstances, the defendant had moved the Court to dismiss the writ, because it appeared to the Court conclusively that they had no jurisdiction. The writ perfectly corresponds to the form prescribed by the statute, for an imprisonment, xvithout lawful authority, by the duress of a private person. . That form has a blank for the place where the party is detained, as, in replevin for goods, the place where the goods now are is mentioned ; in both cases, for the purpose of directing the sheriff where he may find the object of the writ. In this writ the plaintiff is said to be detained in “ a place called the county * prison, in Newhuryport,” &c., “ by the duress [ *216 J of Edmund M. Blunt,” &c. Could the defendant urge that it now appeared judicially to the Court, and conclusively, that the plaintiff was imprisoned by lawful authority, because he avers his imprisonment to be in the county prison —and that therefore the Court had no jurisdiction by this writ: Might not the plaintiff reply, that his writ was in the form prescribed for an unlawful imprisonment; that he had averred it to be by the duress of the defendant, and was prepared with evidence to prove that fact; that he *204 mentioned the county prison for the direction of the sheriff, that he might know where to find him; that the Court ought not to dismiss his writ without giving him an opportunity to prove the allegation, that it was by the duress of an unauthorized individual. Surely, in such a case, the Court would put the defendant to plead. The plaintiff might prove that the defendant, claiming to be his bail, liad taken him and delivered him to the jailer for safe keeping until the court when he was to appear, and that, in fact, the defendant never was his bail: or he might prove that the defendant had taken him without any color of right, and persuaded the jailer to keep him in the county prison.

Livermore.

On this question, I think it enough to observe that, if the Court were right in dismissing the action for want of jurisdiction, (and I am bound so to think,) then they cannot award costs to the defendant, which would, in fact, be exercising a jurisdiction.
Parker, J.
If the Court acted with understanding in dismissing the action, it seems to follow of course that no costs can be awarded. The objection now made is, that the action ought not to have been dismissed, but some other judgment rendered, because it is said that enough does not appear on the record to justify the judgment; but enough appears there to satisfy me. It appears that the plaintiff offered certain evidence in support of his action, which, if trac, showed that the Court had no appellate jurisdiction in the case; the defendant objected to this evidence as improper and insufficient; in other words, he demurred to it, which is admitting the facts to be as stated. It appears, then, from the record itself, that | * 217 ] the Court of Common * Pleas had not jurisdiction. If the defendant had pleaded this in abatement, he would not have recovered costs, which never follow a determination against the jurisdiction of the Court.
Sewall, J.
It appears to me that, the plaintiff alleging his imprisonment to be in the “ county prison in Newburyport,” it became apparent on the writ that the action did not lie to the Common Pleas, and I conceive that court would have dismissed the suit on motion, upon this single ground. Perhaps the officer who executed this process would be liable to punishment; but as to the question of costs, when an action is dismissed as out of the Court’s jurisdiction, there cannot be a judgment for costs, which is in some sort assuming the jurisdiction.
Sedgwick, J.,
(after going through the history of the action down to the bill of exceptions,) observed that, by this bill, the facto in the cause were before the Court. From these it was apparent that the plaintifi had mistaken his action. It followed irresistibly *205 that it must be dismissed ; and no costs can be given in an action of which the Court has not jurisdiction.
The Court then directed the judgment to be entered in the following form: —
“ All which, the matters aforesaid, being seen and fully under stood by the Court here, and mature consideration thereof had, — because it appears to the Court here that the Court of Common Pleas had not original jurisdiction of this case, it is thereupon considered that the same be dismissed.” (a)

 1 Phil. Ev. 380, 7th Lond. ed. — Cook vs. Herbert, reported in note, Willes, R. 86.— Allen vs. Dundas, 4 D. & E. 130. — Bul. N. P. 247. — Allen vs. Dundas, 4 D. & E. 130. — Bul. N P 247

 Dean vs. Dean, 2 Pick. 25. — Clarke vs. Rockwell & Al. 15 Mass. Rep. 221. Sed vide Thomas vs. Whitey 12 Mass. Rep. 370.— Guild vs. Richardson, Admr. 6 Pick. 364.