Parker, C. J.
The question presented in this case is, whether the Court can entertain original jurisdiction of an action upon the bond, which is put upon the record upon oyer prayed.
The statute which regulates the proceedings on probate bonds in the courts of common law, &c.,(1) in the third section provides, that “ all suits thereafter brought in the name of any probate judge, upon a probate bond of any kind, shall be originally commenced in the Supreme Judicial Court, held within or for the county unto which the said probate judges respectively belong.”
But it is objected on the part of the defendant, that this is not a probate bond, although given to the judge of probate ; because it is not one of the bonds which the judge of probate is authorized or required to take virlute officii. And we are all clear that the objection is fatal to the action ; for this bond is not technically a probate bond ; it not being necessary, if at all proper, that it should have been given to the judge of probate.
* By the statute of 1783, c. 36, which directs the de- [ * 369 ] scent of intestate estates, &c., the judge of probate is empowered to assign the whole of the real estate of the intestate to the eldest son, or other sons successively, when a division will be a prejudice to the whole ; the person, to whom the assignment is made, paying, or giving security to pay, in such time as the judge shall ap *322 point, such sums to the other heirs as shall be ascertained to be their just proportions. The payment, if made, is to be made to the heirs ; and the security, if given, ought to be given to them ; there being no control given to the judge of probate over the sums to be paid or secured.
A probate bond, within the meaning of the statute, is a bond which must, by law, be given to the judge of probate ; such as bonds given by executors or administrators, and some others, which are provided for by several statutes. In all which cases the judge of probate is made by law the trustee of those to whose use the bond is given. The bonds required to be given by executors and administrators, to qualify them to execute their trusts, those to be given previously to the sale of the real estates of persons deceased in certain cases, or the estates of minors or-persons non compos, are all expressly required to be given to the judge of probate. These are, therefore, all, properly speaking, probate bonds ; and the actions upon them must be originally commenced in this Court.
But the bond, which is the subject of this suit, is extra-official. It is not required to be given to the judge of probate. The security was not necessarily a bond ; for a note of hand, or any other written engagement directed to the judge of probate, would have been effectual.† R is not, therefore, a probate bond, and so cannot be sued originally here. For this Court has no original jurisdiction of civil actions between party and party, unless it is given by statute. No objection is made to the validity of the bond. It is undoubtedly good at common law; for the obligor has, by his deed, [* 370] consented to make the obligee trustee for the persons * interested in the sum secured. The plea is good and sufficient.
After the above determination, the defendant’s counsel moved for costs to be allowed him ; to which the counsel for the plaintiff objected, because, as he alleged, if the Court had no jurisdiction of the action, they could enter no judgment for costs, and he cited the case of Williams vs. Blunt, (2) in support of the objection.

Sed Curiam.

In the case referred to, the Court had no jurisdiction of the subject-matter by appeal, and dismissed the appeal, because they could not sustain it, or give any judgment thereon. But in this case the Court has jurisdiction of the subject, namely, a pro *323 bate bond ; and it is only by the plea of the defendant, on which there must be an issue and judgment, that the want of jurisdiction of this particular suit can be ascertained.†

Costs for the defendant.

 Stat 1786, c. 55.

[† By the Rev. Stat. c. 103. § 57, it is provided, that “ such partition shall not be established by the Court”.(of Probate), “ until all the sums so awarded shall be paid to the parties entitled thereto, or secured to their satisfaction.” — Ed.]

 2 Mass. Rep. 207.

 Guild vs. Richardson, Adm’r., 6 Pick. 364. — Sed vide Dean vs. Dean, 2 Pick. 25 — Clarke vs. Rockwell, 15 Mass. Rep. 221.