Parker, C. J.
Three objections are made to the verdict in this case. 1. That E. Brown was not a competent witness. 2. That the judge, at the trial, ought to have instructed the jury, that freight was due from Savannah to New Bedford, and, therefore, sufficient money had not been tendered, to entitle the plaintiff to a delivery of the timber. 3. That an indemnity against the bill of lading, signed by the master of the ship and transmitted to England, should have been offered.
The first objection has, very properly, been abandoned ; it being manifest that Brown was merely an agent, without any interest in the transaction.
With respect to the second, it appears clearly, from the report of the trial, that the master of the ship, for the benefit of the owners, agreed with Brown, the agent of the freighters, to suspend the contract during the operation of the embargo, and, for the mutual convenience of the parties, it was agreed that the ship should be sailed *325 to New Bedford; which was to avoid expense, and the injury resulting from the climate. This agreement was afterwards recognised and assented to by the defendants ; and it was manifestly for their interest to have the ship at their own doors, where she could be taken care of at a small expense, and where she would be liable to little injury during an embargo, which was indefinite in duration, rather than at a distant Southern port. There is no pretence in justice for freight-money from Savannah to New Bedford; for the dissolution of the contract by the war must be considered in the same light as if the ship had lain at Savannah until the war took place. The accidental increased value of the timber gives no right to demand freight upon a contract which was at first suspended by mutual consent, and after-wards dissolved by irresistible authority.
* Nor is there any thing in the third objection. The [ * 373 | bill of lading was of no legal effect after the declaration of war, nor can any action be maintained upon it. It will always be a sufficient answer, that it became impossible to perform the contract, without violating the laws of the country. Besides, the authorized receipt of the cargo here by an agent of the owners, and the sale of it, would, of themselves, defeat any attempt to maintain an action upon the bill of lading.†

Judgment according to the verdict.

 Palmer vs. Lorillard, 15 Johns. 14, 16 Johns. 348. — Odlin vs. Ins. Co. Penn. 2 Wash. Cir. R. 312. —Abott, Ship. 427.