ALBANY,
Feb. 1827.

### *Ex parte* MALLARD.

Ex parte
Mallard.

ON appeal to the *Madison* C. P. from a justice's court, by *Mallard*, against whom the justice had rendered judgment at the suit of *Cheesebrough*, the cause had been noticed for trial three times. It was once put off at the request of the appellee ; and again, on his motion, on payment of costs. On its being brought on for trial upon the third notice, and the jury being empannelled and sworn, the appellee proceeded with his testimony, and rested his cause. The appellant then proceeded with his testimony for a considerable time, when the appellee raised an objection that the appeal bond was defective in not providing for the appellant paying the costs of the appeal, if it should not be prosecuted with due diligence. The C. P. dismissed the appeal with full costs of the cause to the appellee, which were taxed at $57,03, including the costs of the several terms at which the cause had been noticed for trial, except the term at which it was put off by the appellee, on payment of costs.

This court were now moved for a mandamus, commanding the C. P. to vacate the rule dismissing the appeal, and proceed in the cause, or, at least, to vacate the rule as to the costs, and allow the costs of the motion only. In support of the present motion, were cited 5 *Cowen*, 34 ; 4 *id.* 61 ; 5 *id.* 34 ; *Laws, sess.* 47, *page* 295.

S. P. Where an appeal cause was noticed for trial several times in the C. P. and was finally dismissed on the motion of the appellee, after the trial had proceeded for some time, upon the ground that the appeal bond was defective ; *held,* that the court ought not, even if they had the power, to have awarded to the appellee any costs beyond those of the motion.

An appeal bond should be conditioned, that if the appeal be not prosecuted with due diligence, the appellant shall pay the costs of the appeal.

*J. Foote,* for the motion.

It was not opposed.

*Curia.* The bond was clearly defective. But, for the reason given in the last case, an alternative mandamus must go. The practice should be uniform in all these cases ; and the present case is a striking illustration of the propriety of the rule just pronounced, aside from the question of jurisdiction. The appellee lay by a long time, being, for aught that appears, fully aware of the objection

which he finally took, to oust the C. P. of jurisdiction. Great expense was incurred on both sides, in preparing the cause for trial, which he should have prevented by moving the court to dismiss the appeal the very first opportunity. Independent of the question as to the right of the C. P. to award this large sum for the ordinary expenses of the suit; we are prepared to say that, in the exercise of a sound legal discretion, they should not have done so.

Rule for an alternative mandamus.