## STEPHEN OSGOOD *versus* BENJAMIN THURSTON

A wi it of *scire facias* can only issue from the court having the record on which it is founded.

Where a writ of *scire facias* against bail, founded on a judgment of this Court against the principal, was issued from the Court of Common Pleas, it was *held*, that the appearance of the defendant and a plea by him, did not give that court jurisdiction of the process, the writ being on its face a nullity ; that this Court had no appellate jurisdiction of such process, it not having been rightly commenced in the Court of Common Pleas ; and that the writ could not be amended in this Court, by striking out the words which made it a writ issuing from the Court of Common Pleas, and inserting such as were proper to make it a writ originally issued from this Court.

The defendant, in such case, is not entitled to costs, as the writ would have been quashed by the court, *ex officio*, without plea or appearance.

A WR.T of *scire facias* was issued from the Court of Common Pleas, against the defendant, setting forth, that the plaintiff, in October 1836, recovered judgment in the Supreme Judicial Court against Abraham P. Blake, for the sum of $ 200, debt, and for costs ; that an execution issued upon such judg ment was returned *non inventus* and in no part satisfied ; and that the defendant was bail for Blake upon the original process, for his abiding the judgment that should be given thereon.

On appeal from the Court of Common Pleas, the defendant demurred generally, and prayed for costs. The plaintiff joined in the demurrer.

The plaintiff, in this Court, moved for leave to amend his writ, by striking out the words which make it a writ issuing from and returnable to the Court of Common Pleas, and inserting the words proper to make it a writ originally issued from this Court.

*Oct. 17th.*     *Wentworth*, for the defendant, as to the question of costs, cited Revised Stat. c. 121, § 1.

*Meriam*, for the plaintiff, to the point, that the defendant, by appearing by attorney, admitted the jurisdiction of the Court of Common Pleas, cited *Guild* v. *Richardson*, 6 Pick. 371 ; *Cleveland* v. *Welsh*, 4 Mass. R. 593 ; that the amendment should be allowed, *St.* 1839, *c.* 151 ; and that the Court would not allow costs, where an action was dismissed for want of original or appellate jurisdiction appearing on the face of the

writ, *Clark* v. *Rockwell*, 15 Mass. R. 221 ; *Williams* v. *Blunt*, 2 Mass R. 207.

SHAW C. J. delivered the opinion of the Court. On appeal from the Court of Common Pleas, there is a general demurrer and joinder. It appears that this was *scire facias* against bail, originally commenced in the Court of Common Pleas, and reciting a judgment in the Supreme Judicial Court. It is perfectly clear, that the Court of Common Pleas had no jurisdiction of the cause. *Scire facias* is a judicial writ, and can only issue from a court, having the record on which it is founded. The writ, therefore, on the face of it, was a nullity, and could not be the basis of a judgment. This being so, the appearance and plea of the defendant, could not give the court jurisdiction. As this Court can only take cognizance by appeal, of causes from the Common Pleas, which were rightly commenced there, it follows that this Court has no appellate jurisdiction of the cause.

The plaintiff then moves, as the cause is now in the Court in which it might have been commenced by an original writ, that his writ may be so amended, as to strike out all the words which make it a writ issuing from and returnable to the Court of Common Pleas, and inserting all the words proper to make it a writ originally issued from this Court. But with all the latitude of indulgence with which amendments are allowed, the Court are of opinion, that this is impossible. It is to be recollected, that the papers now before us, are copies of the writ and judgment of the Court of Common Pleas, as they there appear of record. An alteration of the copy of that writ, would not only falsify the exemplification of the record as it is certified by the clerk of that court, but would make it a bad writ as a writ of the Court of Common Pleas. If, after amendment, it were deemed an original writ issuing from this Court, then it has never been served or returned, and the Court could not proceed upon it.

It has been made a question whether the defendant is entitled to costs. We take the rule to be, that where the writ is bad on the face of it, and it is manifest that the court has no jurisdiction, so that the proceedings may be quashed on motion, no costs are allowed. *Williams* v. *Blunt*, 2 Mass. R. 207 ; *Clark* v. *Rockwell*, 15 Mass. R. 221.

Osgood
v.
Thurston.

As the court could never have rendered any judgment on this writ against the defendant, as it might have been quashed by the court, *ex officio*, without plea or appearance, the Court are of opinion, that the defendant is not entitled to costs.