*E. Ames,* for the libellant.

---

## WILLIAM H. CARY *vs.* ALFRED DANIELS.

An action by a mill owner for an obstruction of the stream below his mill and close,
whereby the water was prevented from passing off from the wheel of his mill, along
said stream, in the usual course, and as of right it ought to pass, is an action respect-
ing an easement on real estate, within the meaning of *St.* 1840, *c.* 87, § 1, and
original and exclusive jurisdiction thereof belongs to the supreme judicial court.

So of an action by an owner of salt meadow, situate above a mill dam on a navigable
stream, against the owner of such dam, for obstructing the natural ebb of the tide,
and thereby injuring the grass on such meadow.

Where an action for obstructing a stream below the plaintiff's mill, or for obstructing,
by a mill dam, the natural ebb of the tide over the plaintiff's salt meadow above
such dam, is commenced in the court of common pleas, and sustained by that court,
after objection taken by the defendant to its jurisdiction, and a verdict is returned
for the plaintiff, and the defendant thereupon brings the case into the supreme
judicial court by exceptions, where it is dismissed because the court below had no
jurisdiction thereof, the defendant is entitled to costs.

TRESPASS upon the case. The plaintiff alleged, in his
declaration, that he was the owner of a close and a water mill,
and water privilege thereto appertaining, in Medway, on Charles
River, and ought to have the uninterrupted use and occupation
of said mill and privilege ; but that the defendant had erected
and continued a dam in and across said river, below said mill
and close, thereby hindering the water of said river from flowing
and passing off from the wheel of said mill, along said river in
the usual course, and as of right it ought to have flowed and
passed off, and causing the water of said river to flow back on
said wheel, and to obstruct the operation of said mill, &c.

This action was commenced in the court of common pleas ;
and after a motion to dismiss it for want of jurisdiction had been

---

overruled, a trial was had in that court, and a verdict was re-
turned for the plaintiff.   The defendant thereupon alleged divers
exceptions to the ruling of the court, upon the trial, and to the
instructions given to the jury.   These exceptions were argued
at the last November term.   The defendant's counsel also raised
the question, whether the court of common pleas had jurisdiction
of the case ; and as that point only was decided, neither the
matters of exception, nor the arguments thereon, are here stated.

*Hallett & B. R. Curtis,* for the defendant.   This was an
action respecting an easement on real estate, and, by *St.* 1840,
c. 87, this court had original and exclusive jurisdiction thereof.
3 Kent Com. (3d ed.) 434, 439.   Civil Code of Louisiana,
Book II. tit. 4, c. 2.   Code (Civil) Napoleon, Art. 64C
Domat, Book I. tit. 12, § 1, art. 5.   Bract. 221.   *Hew-
lins* v. *Shippam,* 7 Dowl. & Ryl. 783. *S. C.* 5 Barn. &
Cres. 221.

*Merrick & Wilkinson,* for the plaintiff.   In *Johnson* v. *Jordan,*
2 Met. 239, it is said that the right of an owner of land, through
which a natural watercourse runs, to have it pass off without
unreasonable obstruction, is inseparably annexed to the soil, and
passes with it, "not as an easement, nor as an appurtenance
but as parcel.   Unity of possession and title in such land with
the lands above it or below it does not extinguish or suspend it.'
*S. P.* Poph. 170.   Latch, 153.   Noy, 84.   W. Jon. 145
146.   *Hathorn* v. *Stinson,* 1 Fairf. 224.   *Hazard* v. *Robin
son,* 3 Mason, 272.

*Curtis,* in reply.   It is true, that a natural easement, or what
Domat (as before cited) calls a- "natural service, and of abso-
lute necessity," is not extinguished by unity of possession.   But
it is nevertheless a technical easement.   There was *no adjudi-
cation* to the contrary in *Johnson* v. *Jordan.*

WILDE, J.   This case comes before us on exceptions to the
rulings and instructions to the jury by the presiding judge of the
court of common pleas ; and the first question to be decided is,
whether that court had jurisdiction of the cause.   By *St.* 1840,
c. 87, § 1, the supreme judicial court has original and exclusive
jurisdiction of " all actions respecting easements on real estate,

but not including complaints for flowing land." So that the question is, whether this is an action respecting an easement on real estate. The foundation of the action, as alleged in the writ, is the erection, by the defendant, of a dam in and across Charles River, below the mill and close of the plaintiff, whereby the water of said river had been prevented from flowing and passing off from the plaintiff's water wheel, along said river, in the usual course, and as of right it ought to have flowed and passed off, and thereby causing back water on the plaintiff's wheel.

At the trial, the defendant admitted the erection and continuance of the dam, and claimed a right thus to obstruct the watercourse, and to cause the water to flow back on the plaintiff's land and water wheel ; and the principal question at the trial was, as to the validity of the claim. But this claim of an easement over the plaintiff's land does not affect the question of jurisdiction ; for the defendant might or might not set up such claim, and thus would have the power to oust the court of its jurisdiction, whether the action should be brought in this court or in the court of common pleas. The question, therefore, whether this court hath exclusive jurisdiction of an action respecting an easement on real estate, must depend on the declaration in the writ, by which it must appear that such an easement is claimed, and that its validity is necessarily involved in the decision of the case. And that, we think, does appear by the declaration in the present case. The right claimed by the plaintiff is that of having the waters of Charles River flow over the land of another, below his land and mill, and at the place where the obstruction was erected, in its accustomed course, and free from all artificial obstruction ; and this we consider as a claim of right to a natural easement. The right which a party has to the use of water flowing over his own land is undoubtedly identified with the realty, and is a real or corporeal hereditament, and not an easement ; but the right of a party to have the water of a stream or watercourse flow to or from his lands or mill, over the land of another, is an incorporeal hereditament, and an easement, or a prædial service, as defined by the civil law. And it is immaterial whether the watercourse be natural

or artificial ; or whether the right is derived *ex jure naturæ*, or by grant or prescription.  It seems, however, that the right to receive a flow of water, and transmit it over the land of another, although a natural easement, not beginning by grant or the assent of parties, may be claimed by prescription.  Gale & Whatley on Easements, (Amer. ed.) 88.  Woolrych's Law of Waters & Sewers, 118.  *Saunders* v. *Newman*, 1 Barn. & Ald. 258.  *Hazard* v. *Robinson*, 3 Mason, 277.  3 Kent Com. (3d ed.) 441.  *Wright* v. *Williams*, 1 Mees. & Welsb. 77.  Such a natural easement is not extinguished by unity of possession of the dominant and servient tenements.  *Shury* v. *Piggot*, 3 Bulst. 339.  *S. C.* Poph. 166.  W. Jon. 145.  Latch, 153.  Noy, 84.  It is not material, however, to the decision of the question of jurisdiction, to determine whether the plaintiff's claim is well founded or not.  He certainly claims an easement over the land where the obstruction was erected, and the court of common pleas are not authorized to take cognizance of such a claim.  The right claimed is as clearly the claim of an easement, as would be the claim to transmit the water from the plaintiff's mill through an artificial watercourse or canal over the servient tenement.

We are of opinion, therefore, that the court of common pleas had no jurisdiction of this case, and that it must be dismissed.

After this opinion was announced, the defendant's counsel moved for costs.  *Wilkinson*, for the plaintiff, resisted the motion, and cited *Williams* v. *Blunt*, 2 Mass. 207.  *Clark* v. *Rockwell*, 15 Mass. 221.  *Osgood* v. *Thurston*, 23 Pick. 110. *Bank of Cumberland* v. *Willis*, 3 Sumner, 472, 474.  1 U. S. Digest, Costs, 53.

WILDE, J.  The plaintiff's counsel object to the allowance of costs, and rely on the rule laid down in *Osgood* v. *Thurston*, 23 Pick. 110.  The rule is there said to be, " that where the writ is bad on the face of it, and it is manifest that the court has no jurisdiction, so that the proceedings may be quashed on motion, no costs are allowed."  However correct this rule may be, as applicable to a case where the want of jurisdiction is so manifest that the cour would quash it *ex officio*, without plea or

appearance, we are of opinion that it cannot be applied, without manifest injustice, to the present case, which depends, as to the question of jurisdiction, on the construction of a recent statute, which, in the opinion of the court of common pleas, sustained the jurisdiction of that court. And this construction, we understand, was given to the statute, on the objection of the defendant to the jurisdiction of that court. Judgment was rendered against the defendant, from which he could not be relieved, but by removing the case into this court, on exceptions, or by writ of error. Under these circumstances, we think it cannot be maintained, that the defendant is not entitled to costs, as the prevailing party. The rule, on which the plaintiff's counsel rely, is not of universal application to all cases where the court has not jurisdiction. It must be a clear case, where no judgment would be rendered, although the defendant should not appear. In *Thomas v. White*, 12 Mass. 370, costs were allowed, though the court had no jurisdiction ; on the ground that the want of jurisdiction was not manifest on the face of the writ, but was ascertained by the defendant's plea, in which, on oyer, the condition of the bond declared on was set out. So in suits in equity, costs are generally allowed where bills are dismissed on demurrer for want of equity jurisdiction. It is therefore by no means universally true, that costs are not to be taxed for the defendant, where the suit fails for want of jurisdiction of the court over the subject matter of the suit.

In all cases where the want of jurisdiction does not manifestly and clearly appear on the face of the writ, and the question of jurisdiction, as in this case, is a fair subject of discussion, and for the decision of the court, there seems to be no reason why the defendant, if he prevails by the decision of the question in his favor, should not be entitled to costs. And for these reasons, we are of opinion that judgment for costs must be entered, in this case, for the defendant.*

---

* At the October term 1842, held at Taunton, similar points were decided in the case of

   JOHN B. TURNER *vs.* LUTHER BLODGETT & another.

THIS was an action of trespass upon the case, in which the plaintiff alleged that he was the owner of a tract of salt meadow, which was so situated that the

---

tide, which flowed and ebbed in a certain navigable stream in Scituate, called Gulf River, would and did, in its natural rise and fall, so irrigate said meadow, as to render it productive of valuable yearly crops of grass; but that the defendants had maintained and kept up a mill dam across said river, below said meadow, and had thereby so obstructed the natural ebb of the tide in said river, as to cause the same to drown and greatly injure said meadow, lessening the quantity and impairing the quality of the grass, &c.

The action was commenced in the court of common pleas. The defendants pleaded the general issue, and gave notice that they, as owners of an ancient mill on said river, claimed and had a right to hold a head of water for working the same, by grant and by prescription, and that if the plaintiff's meadow was thereby flowed, they were not answerable for damages.

Before any evidence was given, the defendants moved that the action should be dismissed for want of jurisdiction. This motion was overruled; the cause proceeded to trial; and a verdict was returned for the plaintiff. Exceptions were alleged to the ruling of the court, as to the admissibility of evidence, &c., and the case was brought into this court.

THE COURT dismissed the action for want of jurisdiction in the court of common pleas, and awarded costs to the defendants.

*W. Baylies & Beal,* for the plaintiff.

*Eddy & Coffin,* for the defendants.