MARTIN C. HARRIS *versus* JONATHAN HUTCHINS, JR.

Where an action, commenced before a justice of the peace, has been defaulted, no appeal lies thereupon to the district court.

And if, in such case, there is an entry of the action in the district court, and it is continued, it may be dismissed, on motion of the plaintiff, at the second term.

If the defendant procures an appeal, from a justice of the peace, to the district court, in a case where he is not entitled to it, and the record which he introduces, exhibits a bar to his proceeding, it will be dismissed on motion of the plaintiff, with costs for the plaintiff as the prevailing party.

EXCEPTIONS from the Western District Court, GOODENOW J. presiding.

This action of assumpsit, was originally commenced in the municipal court for the city of Portland. The action was entered and defaulted, and afterwards, on the same day, the defendant appeared, claimed the right to appeal to the next term of the district court, and entered into recognizance to prosecute the appeal. The appeal was allowed to the district court, if the defendant could appeal under such circumstances, and the appeal was entered at the next term, of the district court, and continued. At the second term in the district court, on motion of the attorney of the plaintiff, the district Judge ordered the action to be dismissed, and gave judgment in favor of the plaintiff for costs.

The counsel for the defendant filed exceptions.

*A. W.* and *J. M. True,* for the defendant, insisted, that within both the letter and the spirit of the law, a party might appeal from a default. By the stat. 1821, c. 76, an appeal would lie only " where both parties have appeared and plead." This provision is left out in the Revised Statutes, and an appeal now lies in all cases.

If there had been ground for this objection, it should have been made at the first term in the district court; and such is the rule of that court. If not made at the first term, any objection on that ground, must be considered as waived.

If the appeal was rightly dismissed, the court erred in

awarding costs. No cost is allowed, where the court has no jurisdiction.

*J. Adams,* for the plaintiff, said that no appeal would lie from the justice, unless given by statute. And the statute does not allow an appeal from a default. The remedy is in a different mode, if the party has from accident neglected to appear and plead.

There can be no appeal from a default. In such case, the defendant is out of Court. 22 Maine R. 401 ; 20 Maine R. 145.

In all cases the prevailing party is entitled to costs.

The opinion of the Court was drawn up, and delivered at a subsequent day of the same term, by

WELLS J. — This action was commenced before the municipal court, for the city of Portland. After a default in that court, the defendant appealed, and entered his appeal in the district court, in which court, it was continued one term, and then dismissed with costs for the plaintiff. It comes to this Court on exceptions. By c. 98, § 3 and 7, Rev. Stat., the judge of the municipal court can exercise jurisdiction " over all such matters and things" as appertain to the jurisdiction of a justice of the peace, and an appeal may be taken from his determination, " as from a sentence or judgment of a justice of the peace."

By c. 116, § 7, it is provided, that if a person, duly served with process, shall not appear and answer thereto, his default shall be recorded, and the charge in the declaration shall be considered as true, and the justice shall enter judgment and issue execution.

In § 9 it is also provided, that any party aggrieved by the judgment of the justice, may appeal. If this section is to be construed, so that there may be an appeal from a default, it would not be in harmony with § 7. By considering the right of appeal, as taken away, in cases of default, there is no disagreement in the two sections.

It would present an anomoly in judicial proceedings, that a

party should have an execution, while the question was in litigation, whether he was entitled to one. .

The judgment of the justice, in § 9, must be construed to mean, a determination of the cause, where the defendant appears and answers. The entering of judgment mentioned in § 7, relates to the mode of recording it, as well upon default, as where the action is on trial, maintained.

The phrase in the statute 1821, c. 76, § 10, " where both parties have appeared and plead," must have been omitted in § 9, Rev. Stat., not for the purpose of changing the law, but because it was not deemed necessary to insert it.

It is contended, that the objection to the appeal, should have been taken, at the first term of the district court, agreeably to a rule of that court, in relation to pleas in abatement and to the jurisdiction. The rule does not embrace motions, the time of making which, must be under the control of the court to which they are addressed; but if in the exercise of such control, the rights of parties, established by law, are taken away, a remedy can be had, by appeal or exceptions. *Rathbone* v. *Rathbone,* 4 Pick. 89. It does not appear, that the defendant was deprived of a right to which he was legally entitled. The action could not be tried in the district court because it was defaulted, and if the court had possessed the power to allow the defendant to plead to the action, no such request was made. In *Bailey* v. *Smith,* 3 Fairf. 196, the writ was abated on motion, for want of a proper seal, after the action had been pending in court more than four years. The proper course was pursued, in dismissing the action.

The Rev. Stat. c. 115, § 56, contains the provision, that " in all actions the party prevailing shall be entitled to his legal costs."

There is no exception of any kind in the statute. Where there is an action and a decision of it, the party prevailing is entitled to his costs. It is said, that where the court has not jurisdiction, the action must be dismissed, without costs to either party.

In *Greenwood* v. *Fales & trustee,* 6 Greenl. 405, the Court

decided, that the action was not brought in the proper county, and upon demurrer to a plea in abatement, awarded costs to the defendant.

The court had jurisdiction over the subject matter of the action, but not over the defendant.

In *Reynolds* v. *Plummer et al.*, 19 Maine R. 22, in addition to the action having been brought in the wrong county, the plaintiff's writ bore the seal of another court. On motion of the plaintiff, the Judge of the district court ordered, that the writ abate, and awarded costs to the defendant. Upon exceptions, the decision of the Judge was sustained. In *Bailey* v. *Smith*, no question was made concerning the costs. The cases in Massachusetts are conflicting. In *Williams* v. *Blunt*, 2 Mass. R. 214 ; *Clark* v. *Rockwell*, 15 Mass. R. 221 ; and *Osgood* v. *Thurston*, 23 Pick. 110, costs were disallowed, for want of jurisdiction. But in *Cary* v. *Daniels*, 5 Met. 239 ; *Turner* v. *Blodgett*, in note, *ibid.* 240 ; *Jordan* v. *Dennis*, 7 Met. 590 ; *Hunt* v. *Inhabitants of Hanover*, 8 Met. 343, although the court had not jurisdiction, costs were allowed. In the last case, it is said to be immaterial, whether the want of jurisdiction is more or less apparent.

In *Hunt* v. *Inhabitants of Hanover*, the plaintiff had omitted to take the necessary oath, required by the statute and to have the same indorsed on his writ. That case, and also *Reynolds* v. *Plummer et al.*, were defective in the process. If these two cases had been rightfully brought, the courts would have had jurisdiction of the subject matter of the actions.

In the present case, if the action had been properly appealed, the district court would have had jurisdiction. But the defendant procures an appeal, in a case, where he is not entitled to it, and the record which he introduces, exhibits a bar to his proceeding. Whether from defect or inaptitude of process, or a want of jurisdiction, over the parties, arising from commencing the suit in the wrong court, or the subject matter of the suit, an action is dismissed, the defendant must be considered as the prevailing party. The same principle must

govern in the present case, the defendant is the appellant, the moving party ; he comes into Court with a record and proceedings of such a character, that they are properly dismissed, and therefore the plaintiff is entitled to recover his costs.

*Exceptions overruled.*