ALBANY,
Feb. 1827.

Ex parte
Benson.

*Ex parte* BENSON.

Where an appeal is dismissed by the C. P. on motion, upon the ground that they were never possessed of the cause ; and had no jurisdiction of it, they should award no costs beyond those of the motion; not the general costs of the cause.

Whether they have power to award the regular costs in the cause ? *Quere.*

BENSON, executor of *Lawrence*, recovered judgment before a justice of the peace of *Chenango* county, against *John Miller*, who appealed to the C. P. The justice's return stated a judgment in the cause of *Benson* v. *Miller*, without the addition of executor ; and after the cause was on trial before the jury, the attorney for the plaintiff objected the variance ; the appeal bond reciting a judgment in favor of *Benson* as executor. The C. P. deemed the variance material, and dismissed the appeal ; but refused to award any costs to the appellee, except of the application.

This court were now moved for a mandamus, commanding the C. P. to vacate their rule as to costs ; and allow the whole costs of the appellee, up to the time of dismissing the appeal.

*J. Foote,* for the motion.

It was not opposed ; but

*Per Curiam.* We think the C. P. were right. The parties were not before them for any purpose except the motion ; and they were not bound, even if they had jurisdiction, to award the regular and ordinary costs of the cause. These follow, only where the suit comes into court. Here it never was there. There was a want of jurisdiction as to the cause itself ; and when we say the C. P. has jurisdiction of the parties for the purpose of awarding costs, we mean the costs of the motion ; the matter alone upon which the court can act.

Motion denied.