Reynolds v. Plummer.

ZOPHAR REYNOLDS *versus* DANIEL PLUMMER & BENJAMIN HAMILTON *et al.* Trustees.

Where the plaintiff moved to dismiss his own writ for want of jurisdiction, and the defendant claimed costs, they were allowed.

EXCEPTIONS to the ruling of WHITMAN J.

This action was returnable to and entered at the Oct. Term, 1839, of the District Court for the Western District, to be then holden at Portland, for the county of Cumberland. Both of the trustees and the defendant lived in the county of York. At the Oct. Term, Hamilton appeared, disclosed, and was adjudged not to be a trustee. At the March Term, 1840, the plaintiff moved that the action be abated, because all the trustees named in the writ lived in the county of York, and be-

cause this Court has no jurisdiction, the blank on which the writ was made not being under the seal of the District Court, but under that of the C. C. Pleas, and thereupon the presiding Judge ordered that the writ abate, and that the defendant be allowed his costs — to which ruling as to costs, the plaintiff excepted.

*Morgan,* in support of the exceptions, cited St. of Maine, 1839, c. 373; *Ball* v. *Brigham,* 5 Mass. R. 406; *Bailey* v. *Smith,* 3 Fairf. 196.

*McArthur, contra.* *Greenwood* v. *Fales & Tr.,* 6 Greenl. 405.

By THE COURT. — The writ having been brought in the wrong county, where the defendant could not be legally held to answer, after the trustees were discharged, he had a right to move, that for this cause, the writ should abate and for his costs.

It would be against all precedent, as well as the manifest justice of the case, to permit the plaintiff in that stage of the cause, to avoid the payment of costs, to move to dismiss his own writ.

*Exceptions overruled.*