LITTLETON REED & *al. versus* WILLIAM H. JOHNSON & *al.*

If the bill, as presented, does not exhibit a case for the interference of a court of equity, it may be dismissed on demurrer for want of equity.

In a bill in equity brought by two partners against the third and against an officer who had taken goods alleged to belong to the partnership on a demand against the defendant partner for his individual debt, the partnership creditors not being made parties, where the object sought was merely to obtain a decision that the goods were owned by the partnership, without acting in any other manner upon the rights or interests of the partnership or of its members, or upon those of the creditors of the partnership, or of one or more of them, the Court will not require the officer to deliver over the goods, or the proceeds of the sales thereof, to the plaintiff partners, but will withhold its aid until there can be a distribution of the whole partnership property, first among the partnership creditors, and then among the partners themselves, or their representatives.

Jurisdiction is not given to this Court as a court of equity, by the Rev. St. c. 96, § 10, in all cases where a partnership or partners may be interested; but was conferred to provide a remedy in certain cases for persons, or the representatives of their interests, who were, or had been, partners with other persons, and who on that account had either no remedy, or an imperfect one, by the common law.

That is not a case of partnership within the equity jurisdiction of this Court, where the bill alleges that one, not a partner or representing a partner's interest, has taken goods belonging to the partnership, which goods such person denies to be partnership property.

And if one partner is omitted as plaintiff, and made a party defendant with such other person, still the Court will not have equity jurisdiction as it respects the latter.

THE facts are stated in the opinion of the Court.

*Cutting,* for the defendants, said that this Court had no jurisdiction of the case. Its jurisdiction is limited by the Revised Statutes to particular subjects; and as it respects partnership, to cases between partners themselves. Equity powers are given to the Court in derogation of the common law, and therefore the statute is to be construed strictly.

The whole creditors of the partnership should have been made parties. The rights of the creditors cannot be decided on the answer of the officer. He does his duty merely and is frequently compelled to do it against his inclination, and has nothing to do with the settlement of partnership concerns in

a court of equity, by reason of serving a writ upon one or more of them.

There is a perfect remedy at law, on their own showing. *Waddle* v. *Cook*, 2 Hill, 47; *Melville* v. *Brown*, 15 Mass. R. 82; *Douglas* v. *Winslow*, 20 Maine R. 89.

*A. W. Paine*, argued for the plaintiffs, under these general propositions.

1. As to the parties. The bill is rightly brought by the two solvent partners against the debtor partner, and the officer, and the creditors under whom the officer acted. Story on Part. § 235; *Melville* v. *Brown*, 15 Mass. R. 82; *Waddle* v. *Cook*, 2 Hill, 47; Story on Part. 368, 371; Dougl. 650.

2. The Court has jurisdiction of the case. Under Rev. St. c. 96, § 10; 1 Story's Eq. § 683; *Waddle* v. *Cook*, 2 Hill, 47. And as a case of fraud. 1 Story's Eq. § 308, 328; 2 Story's Eq. § 1257; *Hill* v. *Simpson*, 7 Ves. 166. And as a case of trust.

3. There is no plain and adequate remedy at law. 15 Mass. R. 82; 2 Hill, 47; *Phillips* v. *Cook*, 24 Wend. 389.

4. The Court has power to grant the relief prayed for in the bill.

The officer can sell nothing more than the interest of one partner in the surplus, after payment of all the partnership debts, and by doing more he becomes a trespasser *ab initio*. 15 Mass. R. 82; 2 Hill, 47; 4 Johns. C. R. 522; Story on Part. 373; 1 Story's Eq. § 677; *Rice* v. *Austin*, 17 Mass. R. 197; Collyer on Part. B. 3, c. 6, § 10. The other partners have a lien on the whole partnership property for the payment of debts and for a general balance. Story on Part. 135, 374; *Taylor* v. *Field*, 4 Ves. 396; *Hoxie* v. *Carr*, 1 Sumn. 181; *United States* v. *Hack*, 8 Peters, 271; Coll. on Part. B. 2, c. 1, § 1; *Egberts* v. *Wood*, 3 Paige, 517. And each partner has a right to have the property applied to the payment of all the debts of the firm, before either of the partners, or his creditors, can divert any part of it to the payment of individual debts. Story on Part. § 97; Collyer, B. 2, c. 1, § 1, and c. 3, § 5; 2 Story's Eq. § 1253; 4 Ves. 396. And if a

sale of the property has taken place, a court of equity will interfere to stop the funds from being paid over, and will order an account to be taken, and the funds to be paid over to the other partners. Story on Part. 137 ; 1 Ves. Sen'r, 239 ; 3 Mason, 232 ; 2 Swanst. 586 ; 12 Wend. 131. The Court will sustain such bill for those purposes; and the proper parties as defendants are the debtor partner and officer. Collyer, B. 3, c. 6, § 10 ; 1 Sim. 371 ; 24 Wend. 407 ; Dougl. 650 ; 1 Madd. Ch. Pr. 131 ; 2 Johns. C. R. 280 ; 1 Madd. R. 423 ; Allen v. Wells, 22 Pick. 458. The creditors of the partnership have a preference to be paid out of the partnership funds before creditors of an individual member. Story on Part. 135, 381 ; 1 Story's Eq. § 675 ; Com. Bank v. Wilkins, 9 Greenl. 28.

5. On general equity principles we are entitled to relief. 2 Story's Eq. § 1243 ; 1 Sumn. 181 ; 4 Johns. C. R. 522 ; 1 Ves. Sen'r, 239 ; 2 Fonbl. Eq. B. 2, c. 1, § 1 ; 3 Mason, 232 ; 3 M. & Selw. 574 ; 20 Maine R. 89.

6. The officer is subject to this process. Collyer, B. 3, c. 6, § 10 ; 1 Sim. 371 ; Dougl. 650 ; 24 Wend. 407 ; 3 Mason, 317 ; 2 Mason, 192 ; 16 Ves. 321 ; 3 Johns. C. R. 555 ; 4 Paige, 23.

Kent replied for the defendants.

The opinion of the Court was drawn up by

SHEPLEY J. — It appears from the allegations in the bill, that the two plaintiffs formed a partnership with William B. Reed, whose stock of goods was purchased by the partnership, and paid for by the partnership notes delivered to him. That certain creditors of W. B. Reed brought suits against him and caused a part of those goods to be attached by the defendant, Johnson, as a deputy of the sheriff. That they obtained judgments, and caused the goods so attached to be sold on the executions issued thereon by the same deputy, who now holds the proceeds in his hands. That the partnership at the time, when these goods were sold, was indebted to nearly the whole amount of its property and credits; and that W. B. Reed had

no interest in them above the amount required to pay the debts of the partnership. The bill does not state, that the goods were seized and sold as partnership goods; on the contrary it alleges in substance that the officer sold the goods as the goods of W. B. Reed, and not his interest therein as a partner. The creditors of the partnership are not parties plaintiff, and do not complain. The judgment creditors of W. B. Reed are made parties defendant, but do not, and may never appear before the Court. W. B. Reed is made a party defendant, and so is the officer, who demurs generally to the bill.

The bill does not seek to have the business of the partnership settled, and its effects applied first to pay its debts. The prayer is, that an account may be taken, and that the defendants may be decreed to pay the full value of the goods attached and the money, for which the same were sold, and all proper damages.

The object sought is in effect simply to obtain a decision, that the goods were owned by the partnership, and not solely by one member of it, and to have their proceeds restored to the partnership without acting in any other manner upon the rights or interests of the partnership, or of its members, or upon those of the creditors of the partnership, or of one or more of its members. And one question presented at the argument upon the demurrer was, whether this Court as a court of equity, has jurisdiction of such a case. It is not enough for the plaintiffs, that the case is within the jurisdiction of courts of equity, having a general jurisdiction. It must be shown to be within the limited jurisdiction of this Court, as conferred by the provisions of the statute, c. 96, § 10.

It is said, that jurisdiction is conferred by the seventh specification of "all cases of partnership." The basis of jurisdiction under that clause is, that the case is a case of partnership. It is not given in all cases, where a partnership or partners may be a party, or interested. Such a construction would permit all cases to be carried into equity, when a partnership was a party, or interested in the suit. This jurisdiction was doubtless conferred to provide a remedy in certain cases

for persons, or the representatives of their interests, who were, or had been partners with other persons, and who on that account had either no remedy, or an imperfect one, by the common law. It is obvious, that such cases would be cases of partnership. And there may therefore be such cases, when the parties to the bill have not been and are not members of a partnership. As where the legal representatives of a deceased partner, seek for a settlement of the affairs of the partnership, or to enforce any rights of the deceased arising out of it. Or where an assignee of one or more members of the partnership does the like. That cannot be a case of partnership, where all the partners allege, that one not a partner, or representing a partner's interest, has taken goods alleged to belong to the partnership, and which such person denies do belong to it. Can such a case be converted into a case of partnership within the meaning of the statute by omitting the name of one of the partners, as plaintiff, and inserting it as defendant? Or to bring the case within the jurisdiction, is it necessary, that the bill should present the rights of creditors of the partnership in such a manner, that their rights may be the subject of direct action before the Court, as well as the whole affairs of the partnership for the like purpose ? This case may not require a decision on the point of jurisdiction. For if the bill as presented does not exhibit a case for the interference of a court of equity, it may be disposed of on the demurrer for want of equity. No person complains, but two members of the partnership. Their bill states that the goods attached were " the same purchased as aforesaid, of said Wm. B. Reed." His creditors, existing before that sale, are represented by the officer ; and they had a just right to be paid out of that property or its proceeds, unless their debtor had other means of payment. And from the statements made in the bill, there is reason to conclude, that he had not. Under such circumstances he sells that property to himself and two other persons composing a partnership. There are no allegations in the bill, that the plaintiffs are actors in this process to secure his equities. And if there were, he can have none against his creditors

before the sale. The plaintiffs themselves cannot be considered as injured by the sale, for the law permits the interest of their partner to be sold and his right in the goods to be transferred to a purchaser. And if the officer assumed to sell more and the purchasers should be entitled to hold the property as against them, they will have their remedy upon their partner. If that be good, they will have little cause to complain of those who were creditors of that partner before their contract with him. And if that remedy be not good, so far as these goods are concerned, their rights to them arise under the contracts of sale, and partnership, and they stand equitably as purchasing with one, who was indebted to others, the property, from which alone the prior creditors of that one could obtain payment.

If the proceeds of the goods attached should be applied to pay a separate debt of their copartner, it does not appear from any averments in this bill, that the plaintiffs may not be able to protect themselves against any loss occasioned thereby. Those goods are alleged to have been of the value of $2997,13. The bill states that one of the notes passed to their copartner in payment for his stock of goods remained unpaid, "which note has been negotiated by said William B. Reed, and is now in suit by Sylvanus Rich, jr." This note was for $4070,99, and there is no averment, that it was negotiated before it was due, and under such circumstances as to prevent the plaintiffs from making the same defence to it, which they could have made, if the suit had been commenced in the name of their copartner, other than such as might arise from the relation of the parties.

If this be the true aspect of the case, they cannot pretend to have equities superior to those of the prior creditors of their partner. Nor can they claim to have the whole property, or its proceeds, turned over to them as the purchasers for a valuable consideration; for they were not the purchasers of the whole, but of undivided shares of it. And if the partnership creditors do not complain, his share at least, of this property, may be applied to pay his former creditors. There is another consideration, so far as these plaintiffs are concerned, that

should induce a court of equity to pause, lest it be made an instrument to administer the law of partnership in such a manner as to aid fraudulent debtors, who have purchased goods on credit, to make sale of those goods to themselves and others, composing partnerships, to delay or defeat the rights of their creditors, by setting up the new partnership debts as entitled to be first paid out of goods thus purchased. That this is such a case, the Court is not authorized on a demurrer to the bill to conclude. That there is nothing in the bill to exclude the idea, that it may not be such a case, is the ground of caution in the admission of principles, that may lead to such results. The creditors of the partnership may have reposed confidence in it as the owner of such a stock of goods; and may have an equitable claim to be paid even out of these goods in preference to the prior creditors of one of the partners. But the plaintiffs do not profess to represent such creditors. There are no allegations in the bill, that they are acting in their behalf. And it may be, that the creditors of the partnership are otherwise secured, or that they have the means and prefer to obtain payment from other property of these two partners, and to permit this property, formerly owned by one of the partners, to be applied to pay the prior debts of that one. They may feel, that it would be unjust to deprive the creditors of that one of the means of obtaining payment, it may be, out of the very goods purchased of them, and from which purchase their debts accrued. And these plaintiffs are not entitled to present their rights without authority from them. In the case of *Dutton* v. *Morrison*, 17 Ves. 206, the Lord Chancellor says, " that upon an execution against one partner, or a *quasi* execution in bankruptcy, no more of the property, which the individual has, should be carried into the partnership, than that quantum of interest, which he could extract out of the concerns of the partnership, after all the accounts of the partnership were taken, and the effects of the partnership were reduced into a dry mass of property, upon which no person, except the partners themselves, had any claim." It will be perceived, that to ascertain in this manner

the interest, which could be held by a seizure upon an execution against a partner for his separate debt, there must be a sale of all the effects of the partnership, and a collection of all debts due to it, and a payment of all claims against it. And this could not be properly done on such a bill as the present, if it could in any case, without the interposition of the creditors of the partnership, or of some one on their behalf. In the case of *Moody* v. *Payne*, 2 Johns. Ch. R. 548, the bill appears to have been filed by one of the former partners after a dissolution of the partnership, which is alleged to have been insolvent. And the Chancellor dissolved an injunction against a sale of the partnership goods on an execution issued on a judgment for a separate debt of the other partner. Mr. Justice Story expresses the opinion, that "it would seem perfectly proper in cases of this sort to restrain any sale by the sheriff." 1 Eq. Com. § 678. And speaking of the partner, who may be the judgment debtor, he remarks, "if he has no right in such a case to maintain a bill to save his own interest; it furnishes no ground, why the Court, should not interfere in his favor through the equities of the other partners." That there may not be a case presented, where the equity of such a partner would be so great and so apparent, as to induce the Court for his sake to interpose through the other partners, it is not necessary to deny. But that it ought to differ greatly from the case presented by this bill, is quite certain. Mr. Justice Story does not appear to impugn the case of *Moody* v. *Payne*, so far as it denies the right of the party plaintiff to interpose, to prevent the sale as an injury to his own rights. And the cases referred to by Mr. Justice Story in a note to that section, as the true result of the English decisions, do not appear to affirm it. In the case of *Brewster* v. *Hammet*, 4 Conn. R. 540, speaking of the rights of a separate creditor of a member of an insolvent partnership, Hosmer C. J. says, "if the creditor take the property, he assumes a liability to the equitable demands of the creditors of the firm upon him; and their interest will be better promoted by leaving them to the redress, to which they have a claim, than by placing the fund in the

possession of their insolvent debtors." The bill does not in
this case state, that the partnership is insolvent, but it states it
to be so nearly in that condition, that it may be quite as safe
to leave the fund in the hands of others until the partner-
ship creditors choose to interpose. In the case of *McDonald*
v. *Beach,* 2 Blackf. 58, the opinion says, " it is contended, that
the separate debt of one partner should not be paid out of the
partnership estate, until all the debts of the firm are dis-
charged. This doctrine is correct; but it does not apply until
the partners cease to have a legal right to dispose of the pro-
perty, as they please. It is applicable only, when the prin-
ciples of equity are brought to interfere in the distribution of
the partnership property among the creditors." This position
is quoted with approbation in the case of *Phillips* v. *Cook,* 24
Wend. 399. In which case the opinion, after having noticed
many decided cases, says, " it follows, if there be no creditors,
no claim of surplus, or if the partners be insolvent, even a
court of chancery will withhold its aid." When, as in this
case, the creditors of the firm do not appear, if the Court can
recognize their existence at all, it must consider them as pre-
ferring not to interpose their claims through the present plain-
tiffs. If the officer were required to answer, he must, having
no personal knowledge of the facts, and representing the rights
of others, deny the allegations made in the bill. And it would
become necessary to ascertain by some mode of liquidation of
the affairs of the partnership, that the partner made respond-
ent could have no interest in the partnership fund on a final
adjustment. To make this certain, the amount due to and
from the partnership must be determined by a collection and
payment of its debts. And the stock in trade and all other
property must be converted into ready money by a sale. Such
a liquidation and settlement of the whole affairs of the part-
nership is not one of the objects of this bill, nor are there the
proper averments or parties in this bill to enable the Court to
accomplish such a purpose.

The demurrer of the officer is sustained, and the bill, as to
him, is dismissed with costs.