## Case No. 2,177.

### BURNHAM v. RANGELEY.

[2 Woodb. & M. 417.] [1]

Circuit Court, D. Maine. May Term, 1847.

COSTS—DISMISSAL FOR WANT OF JURISDICTION.

1. Where a case is dismissed on account of the want of jurisdiction over the person, no costs are allowed in the circuit court of the United States. There is no act of congress regulating this, or expressly giving costs to the prevailing party; and the question is to be governed by the laws of the state and analogies.

[Cited in Hunter v. Marlboro, Case No. 6,908; Hovey v. Stevens, Id. 6,746; Greene v. Bateman, Id. 5,762; Folger v. The Robert G.

---

[1] [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

Shaw, Id. 4,899; Wallace v. Clark, Id. 17,098; Abbey v. The R. L. Stevens [Case No. 8]; Jerman v. Stewart, 12 Fed. 275; Cooper v. New Haven Steam-Boat Co., 18 Fed. 588; Mansfield, E. & L. M. R. Co. v. Swan, 111 U. S. 388, 4 Sup. Ct. 515; Pentlarge v. Kirby, 20 Fed. 898.]

2. In some states, by a statute allowing costs in all cases to the prevailing party, they are given to the party who prevails in a question of jurisdiction, but not without such a statute.

In this case the bill in equity was dismissed at the October term, 1845 (1 Woodb. & M. 7 [Case No. 2,176]), on account of the want of jurisdiction in consequence of the plaintiff [Daniel Burnham] being an inhabitant of New Hampshire, and the defendant [James Rangeley], though called as of Portland, Me., was shown, by the evidence in the case, to have had his domicil, at the time of the service of the subpoena, in the state of Virginia. Before that term of the court closed, the respondent moved for his costs. This motion was resisted by the plaintiff on the ground, that where a bill was dismissed for want of jurisdiction no costs could be taxed. [Motion denied.]

Charles Davies and Son, for the motion.
Shapley and Howard, against it.

WOODBURY, Circuit Justice. The rule or practice of courts, in different states, is sometimes different in respect to the taxation of costs, where a proceeding fails for want of jurisdiction. It is not uniform, whether it be in equity or law. Nor has it been only one way in several of the states, at different periods of their own judicial history. Sometimes the difference arises under the circumstance, that their statutes on the subject are different; and sometimes, probably, from analogies and reasons coming to the notice of the courts in one state and at one period, which did not in others, and hence influenced them to a different result. Thus in Connecticut it is said to have once been the practice to allow costs, when an action failed for want of jurisdiction, if it was taken advantage of by a plea; but not if taken notice of by the court and dismissed ex officio. Since that it has been strongly doubted there, if not decided, that costs can be given in no case which fails for want of jurisdiction. The whole case is then regarded as coram non judice. Grumon v. Raymond, 1 Conn. 40; 8 Conn. 165. So in New Hampshire it has been decided, that if a case fails for the want of jurisdiction over the subject-matter, no costs are allowable; but if it fails for want of jurisdiction over that particular case, though possessing it over the subject-matter, costs are allowable. Howell v. Ingraham,[2] Chesh. Sess. 1805; Martin v. Atkinson,[2] Hillsboro' Sess. 1803; Hook v. Davis,[2] Sept., 1805,—from Judge J. Smith's manuscripts; 12 Mass. 367, 370; 3 East, 352. But these decisions have

been doubted, if not overruled in Brown v. Moody,[2] Rochester Sess. Feb., 1809, and Smith v. Piper,[2] Id.; 2 Mass. 216, 217; 2 Bac. Abr. 45. Costs now are given to the prevailing party there on the merits, by long practice, but not by positive statute. Barron v. Ashley, 4 N. H. 281. But it is believed that they never are given when there is no jurisdiction. Eames v. Carlisle, 3 N. H. 130.

In Massachusetts the decisions appear to have fluctuated at different times, and in some cases to have rested on the peculiar language of their statutes. Thus their earliest precedents seem to have been against the allowance of costs in any case which failed for want of jurisdiction. Thus in Williams v. Blunt, 2 Mass. 207, the court refused costs, because, possessing no jurisdiction either of the subject-matter or the case, and the party, asking costs, was there the original plaintiff in the court below. See, also, remarks in Jordan v. Dennis, 7 Metc. [Mass.] 590; 15 Mass. 221; Osgood v. Thurston, 23 Pick. 110. But since that first case, it has been held that costs are allowable, when the writ showed jurisdiction, and the plea set out and sustained the objection to the want of it. 12 Mass. 370. So in Cary v. Daniels, 5 Metc. [Mass.] 236, 239, where the jurisdiction was contested, and was the point in issue, though the objection went to the cause of action. Both of these seem to rest on the peculiar words of their statute, giving costs to the "party prevailing," which is construed to be the defendant, if objecting to the jurisdiction and prevailing in his plea. So in Jordan v. Dennis, 7 Metc. [Mass.] 590, he is regarded as the prevailing party quoad hoc. It is said that costs are also given in equity, though bills are dismissed for want of jurisdiction, because the respondent is the prevailing party; and it seems equitable to do it if the court has the power, where the respondent, in any case, has been put to expense by a false clamor against him, by summoning him into a court which has no jurisdiction over him or the case. 11 Pick. 446, 495; Riddle v. Mandeville, 6 Cranch [10 U. S.] 86; Winchester v. Jackson, 3 Cranch [7 U. S.] 514; Reed v. Johnson, 24 Me. 322; Reynolds v. Plummer, 19 Me. 22; 6 Greenl. 405. Both in law and equity, the difficulty in giving costs in such case is the want of power. It is contended that the decisions in Massachusetts could not be sustained, unless the court relied on the special words of their statute, giving costs to "the prevailing party," and had possessed jurisdiction over the person of the plaintiff, and over the exception made by the defendant, and over the general subject-matter, though not of that particular case. The power seems there to be derived mainly from the statute, though in part from other considerations not existing here. In this case the plaintiff resided

---

[2] [Nowhere reported.]                    [2] [Nowhere reported.]

in another state, and the court had not jurisdiction of the subject, unless one of the parties had his domicil in Maine, so as to bring the case within the constitution and the reason of the provision, by one party having in his own state court prejudices in his favor over a stranger, and hence allowing jurisdiction in the courts of the United States. See cases in Brown v. Noyes [Case No. 2,023]. In this case, also, there is no statute of the general government like that in Massachusetts. In New York, also, no costs of the suit are allowed where no jurisdiction exists over the subject. People v. Judges of Madison, 7 Cow. 423; Ex parte Davis, 5 Cow. 33; Ex parte Benson, 6 Cow. 592; Ex parte Mallard, Id. 593.

Without entering into further details in other states, the following additional cases are in point, that no costs are allowed if an action is dismissed for want of jurisdiction. 3 Sumn. 473 [Bank of Cumberland v. Willis, Case No. 885]; 15 Mass. 221; 4 Ham. [4 Ohio] 200; [Hurst's Case] 4 Dall. [4 U. S.] 388; 3 Litt. 332; 2 Yerg. 579; Wright [36 Pa. St.] 417; 1 Verm. 488; 6 Halst. [11 N. J. Law] 168; [Inglee v. Coolidge] 2 Wheat. [15 U. S.] 363; 9 Id. 650. These generally proceed on the ground, that the court has no jurisdiction to award costs any more than to award damages, or other relief on the merits, when the case is not legally before them. Opposed to this, are only those before alluded to in [Winchester v. Jackson] 3 Cranch [7 U. S.] 515, where the defendant in error was defendant in the court below, and 19 Me. 22, where the plaintiff moved to dismiss his own suit for want of jurisdiction, and the others in Massachusetts already explained under the peculiarities of their statute. These last cases, likewise, as before intimated, take some other grounds, such as though the court may find in the end it has no jurisdiction to sustain the action, they have jurisdiction to inquire into the matter, whether, in law, they have jurisdiction or not over the merits, and to render judgment on that question; and if so, to decide on the costs of settling it, as an incident to settling the principal question. 8 Metc. [Mass.] 343. But then the costs of the motion or plea, as to jurisdiction, could alone be allowed, and would seem to be sometimes in New York. See cases in Cowen before cited. The present question, though illustrated some by the course pursued in other states, derives no aid from decisions in England, except that by statute of 4 Anne, c. 6. Costs are given in all cases where a writ of error is quashed. Tidd, Pr. 1099; 2 Strange, 834; 2 Ld. Raym. 1403. The question then here must be settled definitively by what is the law and established practice in this state, and in the United States courts. See Hathaway v. Roach [Case No. 6,213]. These, if clear, are imperative. In Maine, as well as the courts of the United States, it has been decided in broad terms repeatedly, that costs

cannot be allowed where the action fails for want of jurisdiction. See Swett v. Robinson, 2 Fairf. 234; 24 Me. 332. See Montalet v. Murray, 4 Cranch [8 U. S.] 46, 47; Inglee v. Coolidge, 2 Wheat. [15 U. S.] 363; McIver v. Wattles, 9 Wheat. [22 U. S.] 650; Houston v. Moore, 3 Wheat. [16 U. S.] 433. Some cases are contra: Winchester v. Jackson, 3 Cranch [7 U. S.] 514, where the defendant in error was the original defendant; Reynolds v. Plummer, 19 Me. 22, where the plaintiff moved to dismiss his own case; and in 6 Greenl. 405, costs were allowed to trustees sued in the wrong county, but this seems to have been under a statute, and the court had jurisdiction of the case. The language in the Maine statute is much as in Massachusetts. But some decisions in Maine seem like the first ones in Massachusetts to have given no costs. Others since in Maine, as in Massachusetts since, give costs in some peculiar cases, but not in those like this.

Proceeding to the general government, it will be found that no act of congress specially regulates this point; though in Hathaway v. Roach [Case No. 6,213], this court held, that a party recovering judgment was, under the judiciary act of 1789, entitled to such costs as the state laws gave, in cases not provided for by congress. The right to some costs is implied from various acts there enumerated, and particular items are provided for in several instances. Thus in the judiciary act it is a necessary implication, as it expressly provides, that in case a party in an action brought in the circuit court recovers less than five hundred dollars, or less than three hundred on appeal, whether in law or equity, "he shall not be allowed, but at the discretion of the court may be adjudged to pay costs." Section 20. So by section 23d, the supreme court, when affirming judgment on a writ of error, may allow single or double costs, at their discretion. It has been adjudged not only that some costs go of course on affirmance of it, but also on the dismissal of a writ of error, when the plaintiff does not appear. Montalet v. Murray, 3 Cranch [7 U. S.] 247, 4 Cranch [8 U. S.] 46. But costs are not of course in all cases of reversal. Riddle v. Mandeville, 6 Cranch [10 U. S.] 86. Not if reversed for an error of the court itself, and not a wrong of the party. Though the costs of the party recovering will be allowed in the circuit court. McKnight v. Craig's Adm'r, 6 Cranch [10 U. S.] 183. So if a case is removed from a state court, and the plaintiff recovers less, held still entitled to costs. Ellis v. Jarvis [Case No. 4,403]. See other instances, and decisions referred to in Hathaway v. Roach [Id. 6,213].

Now, although the general conclusion from all these and several rules and decisions in the courts of the United States there specified, is, that a party recovering on the merits is entitled to costs, it is not so, when a party has a case dismissed for want of jurisdiction.

In McIver v. Wattles, 9 Wheat. [22 U. S.] 650, Chief Justice Marshall said: "In all cases where the cause is dismissed for want of jurisdiction, no costs are allowed." That was a writ of error, and on the record the amount was less than one thousand dollars, which was in dispute, and it seems conclusive on the matter as a precedent for the United States courts. Whether then we go to the acts of congress, or the general statutes in Maine, and the decisions on them in cases like this, the motion must fail. Certainly the weight of the precedents is also in favor of the respondent in this motion, and against giving costs in actions at common law, if dismissed for want of jurisdiction, when we go to other states and to the common law; though in equity reasons exist in favor of the allowance, if there be power, and it is the general principle, that when one party unlawfully puts the other to expense, he ought to indemnify him as far as may be by costs. If the plaintiff in this case lives out of Maine, yet he lives within this circuit, and the court can reach him and his counsel while the proceeding remains on the docket. In a suit at law, by the rules, when the plaintiff lives out of the state, the writ must be indorsed by the counsel here, in order to obtain additional security for costs. And if the plaintiff lives out of the United States, he is obliged, in all cases, to give security for costs, by a rule of the supreme court made in February, 1808. But these provisions and these equities seem to apply to cases where the court possesses jurisdiction, rather than where it has not. In the last event it has no more power to judge and discriminate on account of equitable than legal considerations, because it has no jurisdiction to exercise either. The case stands, then, not on the ground that no costs existing at common law, and none being given explicitly by congress in this case, the motion must fail; but though costs are recoverable by the statute of Gloucester (6 Edw. I.), wherever damages could be, as an increase of damages, and by subsequent English statutes in most other cases (see Hathaway v. Roach, supra), and belonged to the victor by the civil law, "victus victori in expensis condemnandum est," and existed in most of the old states, when colonies, as an inherited right, from England, without any new statute here; yet no court can award them without a special statute broad enough for the purpose, if it have no jurisdiction of the cause, and the supreme court has decided against doing it, in cases where jurisdiction did not exist as already shown. It has also made an express rule, intending, at least by implication, to regulate cases like this. It is No. 44, A. D. 1838, allowing costs in all dismissals of suits, except where done for want of jurisdiction. 1 How. Append. In some degree analogous is the rule not to allow costs, if a case is dismissed from a division of opinion on the merits between the members of this court. Gould v. Coulthurst, 1 Strange, 139; Veazie v. Williams [Case No. 16,907]. Or when judgment is arrested. Pangburn v. Ramsay, 11 Johns. 141; 4 Gill & J. 407; Kirb. 89, 218; 2 Dev. 386; Cameron v. Reynolds, Cowp. 407; 2 Bos. & P. 376. Unless otherwise by statute. Tidd, Pr. 898, 899.

Notwithstanding, then, the equities in favor of costs, where a party has been put to expense in a case dismissed for want of jurisdiction, and notwithstanding the broader discretion in courts over costs in chancery than at common law, there is a defect of power to adjudicate, or award costs to either side, when there is no power to adjudicate on the merits, and when the case is dismissed on account of the want of any such power. The case is not dismissed for want of equity or merits, but fails from want of authority over it, and hence over its incidents also. It is coram non judice. It might be expedient for congress and the state legislatures expressly to authorize a court to give costs in such cases; as they must hear and decide the question, whether they have jurisdiction or not, and may well allow the costs of doing that, if the legislative power pleases, and even the costs of the whole proceedings. But no statute or decisions in Maine seem to me to authorize such a course now; and the decisions of the supreme court and its rules, as well as sound analogies in the absence of any express aid of congress on the matter, appear to forbid this motion. Motion refused.