AUSTIN LANE v. MERRILL JONES.

*Justices' courts—Return of officer—Impeachment—Costs.*

1. A defendant in justice's court may show by affidavit, in support of a motion to dismiss the suit, that the summons was served more than 12 days before the return-day.
2. How. Stat. § 6940, which provides that "whenever a judgment shall be rendered by any justice of the peace against any party, unless otherwise herein provided, it shall be with costs of suit," applies to a judgment dismissing a suit upon motion of the defendant, supported by affidavit showing that the summons was served more than 12 days before the return-day.

Error to St. Clair.    (Vance, J.)    Submitted on briefs January 13, 1893.    Decided February 3, 1893.

Case.    Plaintiff brings error.    Affirmed.    The facts are stated in the opinion.

*W. E. Leonard* (*William M. Cline,* of counsel), for appellant.

*Avery Bros. & Walsh,* for defendant.

MONTGOMERY, J. This case originated in justice's court. The suit was commenced by summons. On the return-day the defendant appeared, and showed by affidavit that the summons was served upon him more than 12 days before the return-day. Thereupon the justice dismissed the cause, and entered judgment for the defendant for his costs.

Two questions are presented which require discussion:

1. Whether it was competent for the defendant to dispute the return of the officer by affidavit.
2. Whether, after determining to dismiss the cause, the justice was authorized to enter a judgment for the defendant for costs.

The circuit judge held the affirmative of both propositions. We think he was right. In *Michels v. Stork*, 52 Mich., at page 263, it is said:

"Had the suit been brought against the officer for a false return, it is conceded that the plaintiff would have been at liberty to show the falsity of the return by any evidence fairly tending to show it. He might do this, also, by affidavit, on a motion in the same suit to set aside the return; and this is not an uncommon proceeding, when the truth of the return is disputed;" citing *Chapman v. Cumming*, 17 N. J. Law, 11; *Carr v. Bank*, 16 Wis. 50. See, also, *Allen v. Mills*, 26 Mich. 124.

The statute authorizing judgment for costs in justice's court is section 6940, How. Stat., and reads:

"Whenever a judgment shall be rendered by any justice of the peace against any party, unless otherwise herein provided, it shall be with costs of suit."

Where, as in the present case, the want of jurisdiction does not appear upon the face of the proceedings, and it is necessary that the defendant should appear, or have a judgment passed against him which is good upon its face, we think it would be manifestly unjust to hold that he should be put to the expense of appearing, and not be entitled to judgment in his favor for costs of suit. *Cary v. Daniels*, 5 Metc. 240; *Jordan v. Dennis*, 7 Id. 591; *Reynolds v. Plummer*, 19 Me. 22; *Davis v. Hastings*, 8 Cush. 314; *Dixon v. Hill*, 8 Ind. 147.

Judgment will be affirmed, with costs.

The other Justices concurred.