## CAMPBELL v. WAYNE CIRCUIT JUDGE.

1. JUDGMENT BY DEFAULT—RETURN OF SERVICE—SUFFICIENCY.

Proof of service of a copy of the declaration and notice of rule to plead upon each of the defendants in the action is necessary to authorize a judgment by default, and a return showing merely the service of "a copy" of the declaration and rule upon "the defendants" is insufficient.

2. SAME—PAROL EVIDENCE.

A return of personal service made by a private person may be contradicted by the defendant.

3. SAME—VACATION OF JUDGMENT—MANDAMUS.

*Mandamus* will lie to compel the vacation of a default judgment where the sworn statement of the judgment debtor that there was no personal service upon him is contradicted only by a return of service made by a private person, and the relator further shows that he had no knowledge of any of the proceedings in the cause until after the expiration of the time allowed for suing out a writ of error, and that he moved to set them aside as soon as he did learn of them, and the testimony brought up with the petition fails to disclose any liability on his part to the plaintiff in the action.

4. RULE TO PLEAD—ENTITLEMENT—SUFFICIENCY.

A rule to plead is not fatally defective because not entitled in the names of all the defendants, where the copy served is indorsed upon a copy of the declaration, in which all parties are correctly named.

*Mandamus* by Forrest S. Campbell to compel Joseph W. Donovan, circuit judge of Wayne county, to set aside a default judgment. Submitted November 17, 1896. Granted December 18, 1896.

*George H. Prentis*, for relator.

*Edwin F. Conely* (*Edwin Henderson*, of counsel), for respondent.

MOORE, J. Application for *mandamus* to set aside judgment. The facts upon which this application is based, so far as it is necessary to state them, are as follows: February 7, 1883, Marion Smith filed a declaration, as plaintiff, as commencement of suit against Colin Campbell, Forrest Campbell, and John M. Campbell, late partners as Colin Campbell Sons. The rule to plead, entered the same day, was entitled "Marion Smith v. Colin Campbell *et al.*, Late Partners, etc., under the Firm Name of Colin Campbell Sons," and read: "State of Michigan. The Circuit Court for the County of Wayne. On filing declaration, * * * it is ordered that the defendants in said cause appear and plead," etc. The declaration was not accompanied by any copy of a note. No return was made to the declaration until February 8, 1887, when the following return was made under oath, upon a copy of the declaration, which was filed with the clerk ·

"STATE OF MICHIGAN, } ss.
  County of Wayne, }

"Albert E. French, being duly sworn, says that on the 7th day of February, 1883, he served a declaration, of which the within is a copy, on Colin Campbell, Forrest Campbell, and John M. Campbell, the defendants named

in said declaration, by delivering to said defendants, in said county of Wayne, a true copy thereof, together with a true copy of the notice to appear and plead, indorsed thereon as hereon indorsed." (Signed and sworn to.)

Mr. French was not an officer.

The death of Colin Campbell was afterwards suggested of record, and there was a substitution of attorneys. It is claimed that these orders were made without notice to defendants. June 6, 1887, and June 11, 1887, default orders were entered. June 13, 1887, an order was made discontinuing the cause as to John M. Campbell, as executor of Colin Campbell, deceased. It is claimed that this was done without leave of court, and without notice, and without payment of costs. On the same day an entry was made in the cause, in the short book, of a judgment on default for $1,759.86, and a judgment entry was made in the journal of the court for $132.07. This journal entry was never signed by the circuit judge.

January 31, 1895, an entry was made on the short book as follows, after entitling the cause: "Amended judgment entered *nunc pro tunc*, as of June 13, 1887." And on the same day an entry was made in the journal in favor of plaintiff for $1,759.86, which judgment was entered *nunc pro tunc*, as of date of June 13, 1887. Both of these entries were made without notice to defendants. The relator sets up in his amended petition that there was never any service of a declaration, notice, or process of any kind in the cause upon him, and that he had no knowledge of the entry of any of the rules, orders, or judgments made in said cause until long after January 31, 1895, when it was too late to remove the cause to this court by writ of error. He also sets up that he is not now, and never was, indebted to the plaintiff in any sense whatever; that, as soon as he learned of said proceedings, he moved the court to vacate said judgments, which motion was, on the 29th of June, 1896, denied. Accompanying the petition is a copy of all the testimony taken by the stenographer at the time the several judgments were taken, in which

testimony it is not made to appear that there was any liability on the part of the defendants to the plaintiff.

It is evident that, unless the writ prayed for issues, there is no way for the relator to have the proceedings reviewed. If the facts stated in his petition are true, a great injury would be done him to allow the judgment to stand against him. The proof of service does not show that a copy of the declaration and rule to plead was served upon each of the defendants. This service must be shown before default and judgment can be taken. 2 How. Stat. § 7291; *Denison* v. *Smith*, 33 Mich. 155; *Johnson* v. *Delbridge*, 35 Mich. 436; *Detroit Free Press Co.* v. *Bagg*, 78 Mich. 650; *People's Mut. Ben. Soc.* v. *Wayne Circuit Judge*, 97 Mich. 627.

The affidavit of the relator that the declaration was not served upon him was not answered by the respondent in any way except by the return of Mr. French. It was held, in the case of *Detroit Free Press Co.* v. *Bagg*, *supra*, that a return of personal service made by a private person is open to contradiction by the defendant, and he is at liberty to show that no such service was made upon him. Under the showing made with reference to the service, the judgments should have been vacated.

It will not be necessary to discuss any of the other questions raised by counsel, except to say that, while the form of the entry of the rule to appear and plead is not to be commended, in view of the fact that the copy served, if any was ever served, was indorsed upon a declaration in which relator was made a party defendant, the objection taken to it by counsel is overruled.

Writ will issue as prayed.

LONG, C. J., GRANT and MONTGOMERY, JJ., concurred.

HOOKER, J. I concur in the result, upon the ground that the judgment is void upon its face for want of proper service of process.