CLABAUGH *v.* WAYNE CIRCUIT JUDGE.

1. PARTIES—VARIATION IN NAME OF DEFENDANT.

In an action against a railroad company, where in the body of the declaration and return of the officer it was properly named as a rail*road* company, and thereafter referred to as "defendant herein," or "said defendant," the fact that in certain parts of the proceedings it was designated as a rail*way* company, *held*, not to have the effect of failing to make it a party defendant; no claim being made that any one was deceived or misled by the variation.

2. PROCESS—ONE ATTACKING OFFICER'S RETURN HAS BURDEN OF PROOF.

The party attacking an officer's return has the burden of overcoming the verity which attaches to the unqualified official return of an officer acting under his official oath to the satisfaction of the court required to determine the fact.

3. SAME—EITHER PARTY MAY CALL WITNESSES.

On motion to set aside the sheriff's return, as false, either party is entitled to have testimony taken on the issue

---

On effect of defect or omission in copy of writ or process delivered to person served, see note in L. R. A. 1917C, 710.

raised, if requested, and the court has a right, in its discretion, to so order if deemed necessary.

4. SAME—MAY NOT BE ATTACKED COLLATERALLY.
   While the official return of an officer may not be questioned in a collateral proceeding, its falsity may be attacked by affidavit on a motion in the same suit to set it aside.

5. MANDAMUS—DISCRETION OF TRIAL COURT NOT INTERFERED WITH WHERE SUPPORTED BY EVIDENCE.
   On motion to set aside the sheriff's return, where neither counsel nor court exercised the right to have witnesses called, and there was evidence to support the findings of the trial court granting the motion, the Supreme Court will not interfere by mandamus with the discretion of the trial court in deciding the motion on proof submitted by affidavit.

6. SAME—NOT A WRIT OF RIGHT.
   Mandamus is not a writ of right.

Mandamus by Grace M. Clabaugh, administratrix of the estate of Fred Clabaugh, deceased, to compel Glenn C. Warner, acting circuit judge of Wayne county, to vacate an order quashing a service of process. Submitted June 3, 1924. (Calendar No. 31,430.) Writ denied July 24, 1924.

*Bresnahan & Groefsema*, for plaintiff.

*Angell; Turner & Dyer* (*Walter M. Meek*, of counsel), for defendant.

STEERE, J. On February 2, 1924, plaintiff began an action by declaration in the Wayne county circuit court as administratrik to recover damages for the death of her decedent, charging that it was caused by the negligence of the Pennsylvania Railroad Company, a foreign corporation. Return of service by the sheriff of said county, filed February 6, 1924, states that on February 2, 1924, he served the declaration "on the Pennsylvania Railroad Company,

a foreign corporation   *   *   *   by delivering to
Thomas A. Roberts, general agent of said defendant at
the city of Detroit, in said county of Wayne, a true
copy thereof and of the foregoing rule to plead (etc.)
as hereto attached."

On February 19, 1924, plaintiff filed an affidavit of
nonappearance and common order of default, and on
February 29, 1924, an affidavit of necessity for taking
by deposition the testimony of Walter H. Minzenberg,
of Detroit, stated to be a material witness about to
leave the city and State to reside elsewhere.   A
subpœna was issued and served upon said witness
requiring him to appear before Henry G. Nicol, a
circuit court commissioner of said county, on March
1, 1924, to give evidence in said cause and, on March
3, 1924, his deposition attached to the commission of
said Nicol was returned and filed.

At this stage of the proceeding the fact that such
action had been begun first came to the knowledge of
the Pennsylvania Railroad Company's attorneys.   They
then appeared specially and, on March 12, 1924, filed
a motion for an order setting aside the sheriff's return
and all subsequent proceedings, which would include
the default and deposition which plaintiff had taken.
Want of jurisdiction because of misnomer and falsity
of the sheriff's return were stated as the grounds for
said motion.   It was supported by affidavits, includ-
ing one made by Thos. A. Roberts, agent of the de-
fendant railroad, deposing in part that prior to March
4, 1924, he had no knowledge or reason to believe the
suit in question had been instituted, that the return
of the sheriff to the effect process had been served on
him was—

"false and untrue, and that neither the papers therein
referred to or any other papers in the above cause
have ever, at any time, been served upon him and that

no such papers have been seen by him or given by him to any person."

Said motion was duly brought to hearing on March 15, 1924, argued orally by counsel, further time was given them in which to file briefs and the motion taken under advisement by the court.    On April 8, 1924, the motion was granted, and an order entered setting aside the sheriff's return of service together with all subsequent proceedings in said cause.

The two questions involved are whether by reason of plaintiff designating defendant in certain parts of the proceedings as the Pennsylvania Rail*way* Company instead of the Pennsylvania Rail*road* Company it failed to make the latter a party defendant; and whether it was competent for defendant to dispute the return of the officer by affidavit.

The first contention of defendant is without merit. In most of these proceedings for which plaintiff is responsible, defendant is properly designated.    The entries of the court clerk at the time of filing the declaration are of little significance in that issue.    The indorsement above the notice to plead on the back of the original declaration shows the word "railway" was first typed and "way" changed to "road" with a pen, at what time is not disclosed by any testimony in the record, but in the body of the declaration and return of the officer "the Pennsylvania Railroad Company, a foreign corporation," is named and thereafter referred to as "defendant herein" or "said defendant." No claim can be made that the variation from railroad to railway deceived or misled any one.    So slight is the difference in sound and sense that counsel for defendant are shown to have fallen into the same inaccuracy when entering their special appearance for the purpose of moving to quash service of process in a former proceeding between the same parties involving the same subject-matter as here, which was dismissed.

At most the inaccuracy was a mere irregularity which the court could and should, if technically necessary, permit plaintiff to correct at any stage of the proceedings.    31 Cyc. p. 488; *Daly* v. *Blair*, 183 Mich. 351; *Wabash Railway Co.* v. *Marshall*, 224 Mich. 593.

The return of defendant in mandamus touching his order quashing service of process states in part:

"From the evidence before the court this defendant determined, as a matter of fact, that the copy of the declaration with notice to plead attached, referred to in the sheriff's return, was not, in fact, served upon Thomas A. Roberts, as stated in said return; that he never received said paper and knew nothing of its existence or said return of service until March 3, 1924, nearly two weeks after the default of the Pennsylvania Railroad Company was entered in said suit."

The motion was heard on affidavits.    Counsel for the respective parties developed a strenuous controversy as to the burden of proof which continues in their briefs filed here.    When the motion was brought on for hearing in the circuit court both sides stood stubbornly on their technical position as to the burden of proof and neither asked that witnesses be heard on the issue it involved, neither did the court deem it necessary, in order to reach a just conclusion as to the facts, to require the production of any of the witnesses having knowledge of the facts involved as the law authorizes (3 Comp. Laws 1915, § 12580), and which as this court has pointed out was the proper practice and wiser course to pursue under similar circumstances.    *Sherrill* v. *Railway Co.*, 161 Mich. 496; *Daniels* v. *Railway Co.*, 163 Mich. 468.    That the party attacking an officer's return has the burden of overcoming the verity which attaches to the unqualified official return of an officer acting under his official oath to the satisfaction of the court required to determine the fact, there can be no doubt.    The

presiding judge made no ruling to the contrary and this court will not assume that he was uninstructed. If the trial court had discretionary right to decide the question of fact before it upon affidavits, it was for that court, and not this, to judicially determine whether the falsity of the return had been established to its satisfaction by a convincing preponderance of the proofs so presented. Either of the parties to the litigation was entitled to have testimony taken on that issue if requested and the court had a right in its discretion to so order if deemed necessary to reach a just conclusion as to such fact. None of them saw fit to pursue that course.

Whether or not the return of the officer showing personal service on defendant's agent is true involves purely a question of fact. If the trial court had jurisdiction to decide it on affidavit this court will not interfere by mandamus against the finding of that court, which had before it evidential support by affidavit of the motion it granted.

Counsel for plaintiff dwell upon the general common-law rule of England recognized and followed in many of our States that the officer's return is conclusive between the parties and the only remedy of the party aggrieved by a false return is an action against the officer on his official bond. Under the present state of the law in this jurisdiction the following excerpts from 32 Cyc. p. 514 *et seq.* covers all which need be said in reference to authorities cited by plaintiff's counsel from other jurisdictions:

"The question of the conclusiveness of the return is one upon which there is an utterly irreconcilable conflict in authority. The English common-law rule, which is also the rule in many American states, is that, as between parties and privies, the return of an officer is to be taken as true, as to all matters which are properly the subject of a return by the officer, and it can be controverted only in an action against the

officer for a false return, unless it is contradicted by other matters appearing of record in the case.  *  *  * Opposed to the common-law rule is the more liberal rule which permits the officer's return to be impeached by affidavit or otherwise in a direct proceeding brought for that purpose, such as a motion to dismiss the action or set aside the return or to vacate a judgment by default based thereon, but the proof necessary to overthrow the return must be clear and unequivocal."

The annotator includes Michigan in the list of States which have adopted the "more liberal rule," and cites *Michels* v. *Stork,* 52 Mich. 260; *Lane* v. *Jones,* 94 Mich. 540.

It is undisputed that under the settled law of this State the official return of an officer cannot be questioned in a collateral proceeding; but the falsity of the return may be attacked, as stated in the *Michels Case,* "by affidavit on a motion in the same suit to set aside the return;" which Justice COOLEY, who wrote that opinion, states "is not an uncommon proceeding when the truth of the return is disputed," citing decisions. This, plaintiff's counsel contend, was not essential to a decision of that case and in its nature *dictum.*  While open to that contention the subject was, however, carefully considered with reference to authorities on both sides of the question and foreshadowed subsequent rulings in harmony with that view.    In *Detroit Free Press* v. *Bagg,* 78 Mich. 650, and *Campbell* v. *Wayne Circuit Judge,* 111 Mich. 247, it was held and reiterated that proof of personal service made by affidavit of a private party is open to contradiction on affidavit by defendant and he is at liberty to show that no such service was made upon him.    In *Lane* v. *Jones,* 94 Mich. 540, it was held competent for the defendant to dispute the return of the officer by affidavit, the court citing and quoting with approval from the *Michels Case* what was there said to that effect.    It is contended by plaintiff's counsel that ruling was in

reference to a suit in justice's court and that it should not control in a court of record.    We see no reason why the verity which attaches to the official return of an officer should not be the same in one court as another.

Conversely stated, that question came up in *Miller* v. *Smith,* 115 Mich. 427 (69 Am. St. Rep. 583), where the court held a judgment in a justice's court regular upon its face could not be attacked in a collateral proceeding and cited in support of that proposition *Allured* v. *Voller,* 112 Mich. 357, which involved, as the court said, "a judgment of a court of record, but I cannot see why the doctrine there announced should not apply to judgments rendered in justices' courts where the records show that the court had jurisdiction of the person."

In *Lyon* v. *Baldwin,* 194 Mich. 118, plaintiff obtained a default judgment in a court of record which defendant moved to set aside for want of proper service of the writ of garnishment.    The motion was heard on affidavits and this court held that the question raised involved the jurisdiction of the court to render the judgment, and as to the proceeding said:

"The court did not refuse to try the question on motion and affidavits, as it did in *Sherrill* v. *Railway Co.,* 161 Mich. 495 (see *Daniels* v. *Railway Co.,* 163 Mich. 468, 470), but decided the motion.    Here, as in the cases referred to, the defendant is attacking jurisdiction for want of proper service of process. There was no suggestion, by the moving party, that an issue of fact ought to be framed (see *Stringer* v. *Dean,* 61 Mich. 196, 201; *Caille Bros. Co.* v. *Saginaw Circuit Judge,* 155 Mich. 480, 483), but the court was asked to decide the questions presented by the motion upon the showing made.    The conclusion of the court is supported by evidence and will not be disturbed on this appeal."

It is true, as plaintiff's counsel point out, that the court denied the motion, but this court nevertheless

held that the motion involving jurisdiction was properly entertained and decided on affidavits, and the decision would therefore not be disturbed.

Here both parties were unwilling to ask that an issue be framed for production of further evidence, and submitted the questions to the court on the showing made, neither did the court see fit to exercise its prerogative and require the production of any witnesses having knowledge of the facts. The same class of evidence, for and against the motion, was before the court as in the *Lyon Case*, and the conclusion of the court is supported by such evidence. Mandamus is not a writ of right. Though deprecating that practice, where neither counsel nor court see fit to exercise their right to have witnesses called, and there is evidence to support the findings of the court, this court will not as a rule interfere by mandamus with the discretion of the trial court in deciding the motion on the proofs submitted to it by affidavit. We find no occasion to do so in this case.

The writ of mandamus asked is therefore denied.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, FELLOWS, and WIEST, JJ., concurred.