## TYMKIEW v. NICOLOPOLUS.

1. ATTACHMENT—SUFFICIENCY OF RETURN—SERVICE ON TWO DEFENDANTS.

Return to writ of attachment by a deputy sheriff that he had served a copy of the attachment and inventory, duly certified, "upon the defendants," was sufficient where there were only two defendants in the case, it being unnecessary that the return state "upon each defendant," naming them (3 Comp., Laws 1929, § 14770).

2. JUDGMENT—DEFAULT—SETTING ASIDE—ATTACHMENT—NOTICE.

It was not an abuse of discretion on the part of the trial judge to deny motion, filed upwards of five months after entry of default, to set aside a default judgment where it appears from return to writ of attachment that defendants were personally served with a certified copy thereof and of an inventory of the goods seized by the officer and appraised by two disinterested freeholders, where the two defendants do not deny it was served personally on each of them, proof of service was made by an officer, defendants do not deny having timely knowledge of the attachment, seizure of their property, entry of the default and judgment, a subsequent levy on and sale of property on execution, all within the four-month period within which they might move to set aside the default (3 Comp. Laws 1929, §§ 14148, 14770; Court Rule No. 28 [1945]).

3. CORPORATIONS—SERVICE OF PROCESS—NAME IN RETURN.

It is of importance that the proof of service of process in an action at law against a corporation show correct name of corporation upon which service has been had as conceivably there might be two different corporations with somewhat similar names.

Appeal from Jackson; Simpson (John), J. Submitted January 10, 1945. (Docket No. 58, Calendar No. 43,229.) Decided March 4, 1946.

Attachment proceedings by Nicholas Tymkiew against Kiriaco Theodore Nicolopolus and Mildred Bloom. Judgment for plaintiffs by default. Motion to set aside default. Motion denied. Defendants appeal. Affirmed.

*Murl K. Aten* and *Phillip C. Kelly,* for plaintiffs.

*John E. Shekell* and *Drake & Pahl,* for defendants.

BOYLES, J. Defendants appeal from an order denying their motion to set aside a default judgment. The only question here is whether the circuit judge was guilty of an abuse of discretion. The default and the judgment which defendants moved to set aside was entered December 29, 1944. The motion to set the same aside was made and filed June 12, 1945.

Plaintiffs started this suit against the defendants by writ of attachment, issued December 7, 1944. Certain perishable property was seized by the deputy sheriff, and on December 14th the officer filed in the court a return showing that on December 7th–9th said officer had seized the property itemized in the inventory returned with the writ, duly certified, that two disinterested freeholders after being duly sworn had appraised the property, and the return further certified that on December 13, 1944, said officer had "served upon the defendants, personally a copy of the within attachment and of the said inventory, duly certified by me."

The return shows that the writ was properly executed, and the return of personal service was in accord with the statutory provisions for proceedings by attachment in courts of record. 3 Comp. Laws 1929, § 14770 (Stat. Ann. § 27.1768), provides for execution of the writ by seizing property of the defendants, making an inventory, "and serving a copy

of such attachment and inventory, certified by him, upon the defendant, if he can be found in his county.''

The perishable property seized under the writ was sold by order of the court, plaintiffs filed a declaration and bill of particulars, and on December 29, 1944, an order of default of the defendants for nonappearance was entered, testimony was taken in open court, and judgment entered for plaintiffs. Notice of entry of the judgment was served on the defendants and proof of service filed. In January, 1945, on an execution issued on the judgment to collect a balance not recovered by the attachment, a levy was made, sale had, and by order of court the money collected by the officer was turned over to plaintiffs.

The defendants do not deny that personal service of the writ was made on them, or that they had notice of entry of the default and judgment. Their claim is that the default was not *regularly* entered because the court files did not show proof of service on *each one* of the two defendants, naming them. Using the language of their brief, appellants say:

''It is true the return has the word 'personally' in it, but there is nothing to indicate that it was delivered personally to each of the defendants. The return does not state the names of the defendants as required by law; it does not state that they are the defendants in the cause.''

The return shows that the officer served personally a copy of the attachment and inventory, duly certified, upon *the defendants,* plainly meaning more than one defendant. There are only two defendants in this case. It is not necessary that the return state ''upon *each* defendant,'' naming them.

Counsel for appellants rely largely on *Campbell* v. *Wayne Circuit Judge,* 111 Mich. 247. In that case

suit was started February 7, 1883, by declaration and rule to plead, against three individuals doing business under a firm name, as copartners. No proof of service of the declaration and notice to appear and plead was filed until four years later, when proof of service was made by affidavit of one Mr. French, who was not an officer. The proof of service stated that service was made "by delivering to said defendants" a true copy of the declaration and notice to appear and plead. In 1895 one of the three defendants moved to set aside the default, and filed an affidavit stating that no process had ever been served on him, and that he did not learn of the entry of judgment against him until quite recently. This court granted mandamus to set aside the default, and in so doing said (p. 250):

"The affidavit of the relator that the declaration was not served upon him was not answered by the respondent in any way except by the return of Mr. French. It was held, in the case of *Detroit Free Press Co.* v. *Bagg, supra* (78 Mich. 650), that a return of personal service made by a private person is open to contradiction by the defendant, and he is at liberty to show that no such service was made upon him. Under the showing made with reference to the service, the judgments should have been vacated."

In the case at bar the defendants have not denied that the writ was served personally on each of them; the proof of service was made by an officer; the defendants do not deny having timely knowledge of the attachment, the seizure of their property, the entry of the default and judgment, a subsequent levy on and sale of property on execution, all within the time within which the defendants might properly move to set aside the default. These facts fully

distinguish the instant case from *Campbell* v. *Wayne Circuit Judge, supra.*

In *Dades* v. *Central Mutual Auto Ins. Co.,* 263 Mich. 260, relied upon by appellants, the return of the officer showed service of process on the Central Mutual Auto *Sales* Company. A motion to set aside the default entered on such return of service was made within six months from entry of judgment and denied in the circuit court. This court reversed and granted mandamus to set aside the default, for the following reason (p. 263):

"Here the return of the officer is that he served upon the Central Mutual Auto *Sales* Company, not upon the Central Mutual Auto *Insurance* Company. The return in the file at the time defendant's default was entered negatived service upon it, and instead appeared to disclose service upon some other company."

The factual situation distinguishes the above case from the one now before us. In the above case the motion to set aside the default was timely made, the proof of service of process showed service on some other company, and in the case of corporate defendants the correct name is of importance. Conceivably there might have been two different corporations with somewhat similar names, one an *auto insurance* company and the other an *auto sales* company.

In *McCain* v. *Wayne Circuit Judge,* 187 Mich. 73, also relied upon by appellants, a default was set aside where the return showed service upon Kirby-Sorge-Felske Company, "by serving A. F. Felske," without showing that A. F. Felske had any connection with the corporate defendant as an officer or agent with authority to receive service of process on the company. The decision does not control the case now before us.

Examination of the decided cases fails to disclose any factual situation comparable to the circum-

stances of the instant case. We hold that the files of the court at the time the default was entered sufficiently established personal service of the writ on these two defendants. The return was sufficient. 3 Comp. Laws 1929, § 14148 (Stat. Ann. § 27.842).

Court Rule No. 28 (1945), provides for the entering of defaults in circuit courts, and for setting them aside. Section 4 of this rule provides:

"In actions at law, the party desiring to have a default set aside shall, as soon as practicable after he shall know or have reason to believe that the default has been filed or entered, file and serve an affidavit of merits, and make application to the court to have the default set aside. * * * In all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within 4 months after such default is regularly filed or entered."

Personal service of the writ was properly made on the defendants and proper proof of service filed. Defendants' motion to set aside the default was not made as soon as practicable after they had notice and knowledge that default had been taken and judgment entered, nor within four months after the default was regularly entered and proceedings had been taken after default on the strength thereof. Furthermore, the defendants were given notice of entry of the default and judgment shortly after December 29, 1944. No fraud is claimed or shown. The circuit judge did not abuse his discretion in denying appellants' motion to set aside the default. See *Petley* v. *Wayne Circuit Judge,* 124 Mich. 14.

Affirmed, with costs.

Butzel, C. J., and Carr, Bushnell, Sharpe, Reid, North, and Starr, JJ., concurred.